UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY LEE VERMES,           )
                            )
            Plaintiff       )
                            )
                            )
      v.                    )        Civil Action No. 13-30133-KPN
                            )
                            )
CAROLYN W. COLVIN,          )
Acting Commissioner of Social )
Security Administration,    )
                            )
            Defendant       )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and
DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
THE COMMISSIONER'S DECISION
(Document Nos. 16 and 24)
September 9, 2014

NEIMAN, U.S.M.J.

Tammy Lee Vermes ("Plaintiff") brings this action, pursuant to 42 U.S.C. § 405(g), for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance ("SSDI") benefits. Presently before the court is Plaintiff's motion for judgment on the pleadings and the Commissioner's motion to affirm the decision.

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); FED. R. CIV. P. 73. For the following reasons, the court will allow the Commissioner's motion to affirm and, hence, deny Plaintiff's motion for judgment on the pleadings.

I.  DISCUSSION

The parties are well aware of the factual and procedural history of this case, the standard of review, and the applicable five-step sequential analysis.  Plaintiff submits that the administrative law judge ("ALJ") erroneously failed to find that her depression and anxiety disorders were severe impairments during the relevant time period at step 2 of the analysis and, as a result, improperly calculated her residual functioning capacity ("RFC") at steps 4 and 5.  In response, the Commissioner argues that substantial evidence supports the ALJ's determination of non-severity and, further, that any possible error was harmless because the ALJ considered "all symptoms" in assessing Plaintiff's RFC.  The court finds that the Commissioner has the stronger argument.[1]

Step 2 of the sequential analysis "is designed to screen out totally frivolous claims." *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1122 (1st Cir. 1986).  Nonetheless, as the First Circuit explained, the claimant always has the burden of providing medical evidence demonstrating the severity of her condition.  *Id.*; *see also Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001).  In short, "a claimant must show that an impairment has more than a minimal effect on her ability to do basic work activities." *Ortiz v. Astrue*, 2011 WL 576602, at *4 (D. Mass. Jan. 10, 2011).  Still,

---

[1]It should be noted that the matter had been heard by the ALJ upon remand from the Appeals Counsel for reasons that do not directly bear on Plaintiff's current arguments. First, the original RFC determination did not specify the frequency with which Plaintiff needed to alternate positions, as required by Social Security Ruling 96-9p, nor did it specify the length of time needed to stand.  Second, the ALJ did not originally specify the weight given to a particular State agency medical consultant, nor did she explain the reasons for assigning that weight.  Finally, a hypothetical posed to the vocational expert at the first hearing did not reflect the RFC set forth in the decision itself.  The ALJ rectified these issues on remand and the Appeals Council thereafter declined to remand the matter a second time.

proving severity is generally a *de minimis* burden. *Cohen v. Astrue*, 519 F.Supp.2d 170, 175 (D.Mass. 2007).

An error at step 2 on the part of an administrative law judge, however, does not necessarily require remand. Of course, such relief may be appropriate when an administrative law judge, finding no severe impairment, ends the analysis at that step. *See Perez v. Astrue*, 2011 WL 6132547, at *4 (D. Mass. Dec. 7, 2011). However, if an administrative law judge continues the analysis through the remaining steps and considers the claimant's non-severe impairments at that time, a step 2 error may well be harmless. *Newell v. Colvin*, 2014 WL 546761, at *4 (D. N.H. Feb. 10, 2014); *see also Perez*, 2011 WL 6132547, at *4 (administrative law judge "explicitly considered 'all symptoms,' both severe and non-severe," and there was "no indication that the [judge] failed to consider the cumulative effect of these impairments."). "In contrast, a decision will be reversed if an [administrative law judge] errs by omitting a severe impairment at [s]tep [t]wo and then also fails to consider the effects of that impairment in the following steps, leaving the decision without substantial support in the record." *Newell*, 2014 WL 546761, at *4-5 (quoting *Syms v. Astrue*, 2011 WL 4017870, at *1 (D. N.H. Sept. 8, 2011)). On the other hand, "standing alone, a finding of severity at step two does not require a further finding that the impairments had a negative impact on a claimant's residual functional capacity at step four." *Huertas v. Astrue*, 844 F.Supp.2d 197, 204 (D.Mass. 2012)*.*

Here, as both parties recognize, Plaintiff was last insured on March 31, 2008, and needed to prove her disability prior to that date. Plaintiff, however, submitted no contemporary evidence of severe depression or anxiety during the period in question.

3

At best, she draws the court's attention to her testimony during the two administrative hearings in 2011 and 2012, as well as psychological assessments in 2010, seeking an inference, without any further evidence, that her mental impairments had been percolating in severity for several prior years. Unfortunately for her case, the record does not support the inference. Indeed, Plaintiff testified that she did not pursue mental health treatment between 2001 and 2005 (Administrative Record ("A.R.") at 22), that she went to therapy for thirteen weeks in 2005 (A.R. 24), and that she "took care of [her]self" from the date of her last therapy session through early 2010. (A.R. 25.) As the Commissioner points out, Plaintiff told a clinician in 2010 that she was "returning to therapy after a 10 year hiatus because 'the old me is back,'" further demonstrating that her mental impairments were non-severe through the date last insured. (A.R. 502.)

To be sure, Plaintiff also testified that "depression and pain" resulted in lost jobs due to absenteeism during the relevant time period (A.R. 18) and that she had been able to "put on a happy face and pretend that [she was] in a good mood" even though she felt depressed and anxious (A.R. 26-27). But Plaintiff did not provide any evidence showing that her depression or her anxiety had more than a minimum effect on her ability to perform basic work activities through the date she was last insured. Accordingly, the ALJ had more than sufficient grounds to find that her mental impairments were non-severe during the relevant time period.

Still, Plaintiff complains that the ALJ only made a "vague allusion to the record as a whole" in reaching her conclusion. *See McCollom v. Astrue*, 2012 WL 2244798, at *5 ("vague allusions to the record as a whole . . . do not permit meaningful review" when an administrative law judge resolves "evidentiary conflicts"). But where, as here, there

is no countervailing evidence, the ALJ's statement that "the record shows the claimant responded well to treatment and her symptoms were well-controlled" accurately and succinctly sums up the record. More than that, the ALJ did support her findings: she identified an October 2010 statement by Plaintiff that she was getting good results from her current medications and "wishe[d] to continue all unchanged" (A.R. 97, 611) and noted that "no treating or examining physician has suggested that [Plaintiff] has any . . . mental impairment which prevented her from working prior to her date last insured" (A.R. 97-98). Accordingly, the ALJ's conclusion that Plaintiff's impairments were well-controlled prior to her date last insured was supported by substantial evidence.

Even if the ALJ could have found that Plaintiff had severe mental impairments prior to the date she was last insured, it would have made no difference in the final analysis. The ALJ gave Plaintiff "the benefit of the doubt," given "recent treatment for anxiety" and customized her questions to the vocational expert accordingly. (A.R. 98.) Specifically, the ALJ asked the vocational expert to assume that, among other limitations, the hypothetical individual could have no set work pace or public contact, and could have only occasional stress with decision making changes and judgment. (A.R. 66.) In response, the expert testified that such an individual could not engage in Plaintiff's prior work but could perform at least two identified jobs. (Id.) Although the vocational expert also testified that there would be no work for a hypothetical individual who, in addition to the previous limitations, would need to be absent more than three days a month (id.), the evidence of record, as the Commissioner points out, does not show that Plaintiff's anxiety or depression limited her to that degree.

## II. C<span>onclusion</span>

5

For the reasons stated, the Commissioner's motion to affirm is ALLOWED and Plaintiff's motion for judgment on the pleadings is DENIED.

SO ORDERED.

        /s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

September 9, 2014